UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-v.-

BENJAMIN CULLEN,
   a/k/a "Benjamin Librot,"

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

16 Cr. 607 (GBD)

WHEREAS, on or about September 9, 2016, this Court entered a First Consent Preliminary Order of Forfeiture as to Specific Property (the "Preliminary Order of Forfeiture") (D.E. 4-1), which ordered the forfeiture to the United States of all right, title and interest of BENJAMIN CULLEN (the "Defendant") in the following property:

    i. $570,820 in United States currency seized from the Defendant's apartment on June 2, 2016;

    ii. $75,000 on deposit[1] in J.P. Morgan Chase Bank Account number 0672217330 (the "Chase Account") seized pursuant to seizure warrant dated July 1, 2016; and

    iii. 11.22 bitcoins seized in connection with the seizure of the defendant's computer and electronic wallets on or about June 2, 2016;

(i. through iii., collectively, the "First Order Property").

WHEREAS, on or about April 24, 2019, this Court entered a Second Consent Preliminary Order of Forfeiture as to Specific Property (the "Second Preliminary Order of

---

[1] The Preliminary Order described this asset as having $90,000 on deposit in the Chase Account, however, pursuant to the Preliminary Order the Government was obligated to disburse $15,000 to Defendant's counsel. The remaining balance in the Chase Account of $75,000 is reflected following this payment to Defendant's counsel.

Forfeiture") (D.E. 4-2), which ordered the forfeiture to the United States of all right, title and interest of the Defendant in:

    i. The following assets seized on or about June 2, 2016 from the Defendant in New York, New York:

        a. 1,620 Pregabalin tablets;
        b. 4,310 Clonazepam tablets;
        c. 3,972 Sildenafil tablets;
        d. 9,800 Etizolam tablets;
        e. 55,700 Alprazolam tablets;
        f. 1,100 Clenbuterol tablets;
        g. 62,586 Tramadol tablets;
        h. 180 Azithromycin tablets;
        i. 2,600 Lorazepam tablets;
        j. 8,600 Chlordiazepoxide tablets;
        k. 26,200 Carisoprodol tablets;
        l. 33,400 Diazepam tablets;
        m. 53,000 Zolpidem tablets;
        n. 17,000 Modafinil tablets; and
        o. 59,845 Lansoprazole tablets;

    ii. The following assets seized on or about June 3, 2016 from Manhattan Storage Locker Manhattan Mini Storage 541 W 29 St, Unit 4-4-22:

        a. 2,247 Lorazepam tablets;
        b. 37 Pregabalin tablets;
        c. 1,200 Sertaline tablets;
        d. 4,009 Carisoprodol tablets;
        e. 1,790 Lansoprazole tablets;
        f. 10,760 Diazepam tablets;
        g. 2,000 Finasteride tablets;
        h. 1,124 Sildenafil tablets;
        i. 322 Tadalfil tablets;
        j. 322 Clenbuterol tablets;
        k. 7,600 Carisoprodol tablets;
        l. 330 Alprazolam tablets;
        m. 90 Codeine tablets;
        n. 98 Unidentified tablets;
        o. 60 Azithrax tablets;
        p. 3,917 Clonazepam tablets;
        q. 600 Etizolam tablets;
        r. 670 Paroxetine tablets;
        s. 1,800 Esomeprazole tablets;
        t. 180 Azomycin tablets;

      u. 45 Fluoxetine tablets;
      v. 190 Ranitidine tablets;
      w. 783 Zolpidem tablets;
      x. 60 Azab tablets;
      y. 3,348 Tramadol tablets;
      z. 150 Omeprazole tablets;
      aa. 63 Azivista tablets;
      bb. 549 Modafinil tablets;
      cc. 15 Prodep tablets;
      dd. 500 Buproin tablets;
      ee. 200 Chlordiazepoxide tablets; and
      ff. 120 Tomixfen tablets;

iii. The following assets seized on or about June 15, 2016 from UPS Store, 1 Penn Plz., Unit 6259, NY, NY:

      a. 30 Etizolam tablets;
      b. 1,200 Sildenafil tablets;
      c. 75 Azithromycin tablets;
      d. 600 Tadalafil tablets;
      e. 300 Zolpidem tablets; and
      f. 1,600 Diazepam tablets;

iv. The following assets seized on or about June 15, 2016 from UPS Store, 105 East 34th St, NY, NY:

      a. 72 Azithromycin tablets;
      b. 596 Sildenafil tablets;
      c. 800 Diazepam tablets; and
      d. 600 Tadalafil tablets;

v. The following assets seized on or about June 15, 2016 from UPS Store, 243 5th Ave, Unit 539, NY, NY:

      a. 6,300 Zolpidem tablets;
      b. 13,800 Diazepam tablets;
      c. 1,800 Zolpidem tablets;
      d. 900 Alprazolam tablets;
      e. 900 Modafinal tablets;
      f. 3,300 Etizolam tablets;
      g. 2,980 Tramadol tablets; and
      h. 2,380 Carisprodal tablets;

vi. The following assets seized on or about June 15, 2016 from UPS Store, 130 7th Ave, Unit 102, NY, NY:

      a. 600 Tadalafil tablets;
      b. 75 Azithromycin tablets; and
      c. 960 Sildenafil tablets;

vii. The following assets seized on or about June 15, 2016 from UPS Store, 101 W 23rd, Unit 372, NY, NY:

      a. 10 Tadalafil tablets;
      b. 100 Tentex Forte tablets;
      c. 1,800 Carisoprodol tablets;
      d. 2,400 Tramadol tablets;
      e. 13,900 Diazepam tablets;
      f. 2,400 Etizolam tablets; and
      g. 6,900 Zolpidem tablets;

viii. The following assets seized on or about June 15, 2016 from UPS Store, 2824 Steinway St., Unit 261, Astoria, NY:

      a. 800 Tadalafil tablets;
      b. 1,020 Pregabalin tablets;
      c. 6,400 Clenbuterol tablets;
      d. 13,198 Tramadol tablets;
      e. 8,980 Carisoprodol tablets; and
      f. 2,200 Tadalafil tablets;

(i. through viii., collectively with the First Order Property, the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of

4

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on July 7, 2021, for thirty (30) consecutive days, through August 5, 2021, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on September 20, 2021 (D.E. 6 and 7);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

5

3. The United States Customs and Border Protection (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
_____, 2021

SEP 2 4 2021

SO ORDERED:

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE