UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x

UNITED STATES OF AMERICA

    -v.-

BENJAMIN CULLEN,

        Defendant.

------------------------------- x

THIRD PRELIMINARY ORDER
OF FORFEITURE AS TO
<u>SPECIFIC PROPERTY</u>

16 Cr. 607 (GBD)

    WHEREAS, on or about September 9, 2016, BENJAMIN CULLEN, a/k/a "Benjamin Librot," (the "Defendant") was charged in a three-count Sealed Information, 16 Cr. 607 (GBD) (the "Information"), with conspiracy to import controlled substances, in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2; conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

    WHEREAS, on or about September 9, 2016, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit: (i) pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One and Two of the Information, and (ii) any and all property, real or personal, involved in the offense charged in Count Three of the Information, and any property traceable to such property;

WHEREAS, on or about September 9, 2016, the Court entered a First Consent Preliminary Order of Forfeiture as to Specific Property (the "First Preliminary Order of Forfeiture") against the Defendant, which ordered the forfeiture to the United States of all of the Defendant's right, title and interest in, *inter alia:* 11.22 Bitcoins ("BTC") seized in connection with the seizure of Defendant's computer and electronic wallets on or about June 2, 2016 (the "Seized Bitcoins");

WHEREAS, on or about September 24, 2021, a Final Order of Forfeiture was entered forfeiting to the United States all right, title, and interest in, *inter alia*, the Seized Bitcoins (the "Final Order of Forfeiture") (D.E. 61);

WHEREAS, after the entry of the Final Order of Forfeiture, the United States subsequently located an additional asset which constitutes proceeds the Defendant obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Information, and property involved in the offense charged in Count Three of the Information, or is traceable to such property, specifically:

(i) 11.22 Bitcoin Cash ("BCH"), derived from the 11.22 BTC seized by the Government from Defendant's computer and electronic wallets on or about June 6, 2016;

(the "Specific Property");

WHEREAS, the Government seeks the forfeiture of all of the Defendant's right, title and interest in the Specific Property, which constitutes proceeds the Defendant obtained, directly or indirectly as a result of the offenses charged in Counts One and Two of the Information, and as property involved in the offense charged in Count Three of the Indictment, or property traceable to such property;

WHEREAS, pursuant to 32.2(e)(1)(a) of the Federal Rules of Criminal Procedure

the Court may, on the Government's motion, enter an order of forfeiture to include property located and identified after an original forfeiture order was entered; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Third Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, BENJAMIN CULLEN and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3. Upon entry of this Third Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) and 32.2(e) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet

site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Third Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____  OCT 1 3 2021
HONORABLE GEORGE B. DANIELS     DATE
UNITED STATES DISTRICT JUDGE